James Mills, OSB 181445
LAW OFFICE OF JAMES MILLS
707 SW Washington Street, Suite 1100
Portland, OR  97205
Tel: 503-455-7234
Fax: 503-961-7214
james@jamesmillslaw.com

Benjamin Gubernick (*pro hac vice* motion forthcoming)
Cal. Bar No. 321883
GUBERNICK LAW P.L.L.C.
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
Tel: 623-252-6961
ben@gubernicklaw.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

|  |  |
|---|---|
| TABATHA LAWLEY, an individual;<br><br>Plaintiff,<br><br>v.<br><br>HUMM KOMBUCHA LLC., an Oregon Domestic Limited Liability Company;<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>1. Violation of California's Unfair Competition Law;<br>2. Violation of California's Consumers Legal Remedies Act;<br>3. Violation of California's False Advertising law;<br>4. Violation of California's Implied Warranty of Merchantability.<br><br>28 U.S.C. § 1332<br><br>[DEMAND FOR JURY TRIAL] |

Tabatha Lawley ("Plaintiff") through undersigned counsel, on behalf of herself and all others similarly situated, brings this Class Action Complaint against Humm Kombucha LLC ("Defendant" or "Humm") and alleges upon personal knowledge as to her own actions, and upon information and belief as to counsels' investigations and all other matters, as follows:

## NATURE OF ACTION

1.      This class action seeks recovery for consumers who overpaid for misleadingly labeled Humm products.

2.      Defendant manufactures canned beverages that are sold under the brand name "Humm Probiotic Kombucha Zero Sugar" ("Zero Sugar beverages") and "Humm Probiotic Kombucha" ("Original beverages") at retailers throughout California and online to California consumers.

3.      The Zero Sugar beverages are sold in varieties including,  "Blueberry Mint," Pineapple Jalapeno," "Raspberry Lemonade," "Blood Orange," "Peach Tea," "Ginger Lemonade," and "Cucumber Mint"; and the Original beverages include the "Coconut Lime," "Blueberry Mint" and "Magical Lemon Cupcake" varieties (collectively, "the Products").

4.      The labels on the Products and Defendant's marketing lure in consumers who wish to purchase foods made from actual fruit ingredients.

5.      However, as described below, the Products do not contain the promised ingredients. Of the Zero Sugar beverages, the "Blueberry Mint" contains no blueberry or mint; "Pineapple Jalapeno" contains no pineapple; "Raspberry Lemonade" contains no raspberry or lemon; "Blood Orange" contains no blood orange (or any orange); "Peach Tea" contains no peach; "Ginger Lemonade" contains no lemon; and "Cucumber Mint" contains no cucumber or mint. Of the Original beverages, "Coconut Lime" contains no coconut; "Blueberry Mint" contains no mint, and "Magical Lemon Cupcake" contains no lemon.

6.      Defendant's actions are misleading and in direct violation of California law. Plaintiff and similarly situated California consumers are entitled to damages equal to the price premiums they paid, and all other remedies the Court deems appropriate.

## **PARTIES**

7.     Plaintiff Tabatha Lawley ("Plaintiff") is an individual residing in Orange County, California.

8.     Defendant Humm Kombucha LLC is an Oregon corporation. Its principal place of business is in Bend, Oregon. Humm Kombucha LLC's sole member is Remarkable LLC. Remarkable LLC is an Oregon corporation with its principal place of business in Bend, Oregon. All Remarkable LLC's members are domiciled in Bend, Oregon.

## **JURISDICTION AND VENUE**

9.     This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (1) there are at least one hundred members of the proposed class; (2) the aggregated claims of the individual Class Members exceed the sum value of $5,000,000 exclusive of interest and costs; and (3) Defendant and more than two-thirds of the proposed class are citizens of different states.

10.     This Court has personal jurisdiction over Humm, Remarkable LLC, and all Remarkable LLC's members reside in Oregon.

11.     Venue is proper in this district because Defendant resides in this District and a substantial part of the actions and omissions giving rise to this action occurred in this District.

12.     In accordance with California Civil Code Section 1780(d), Plaintiff concurrently files an affidavit establishing that, to the best of her knowledge, her claims are properly brought in this District. Plaintiff's affidavit is attached as Exhibit A.

## **GENERAL ALLEGATIONS**

### **Consumers demand real ingredients as opposed to "natural flavor."**

13.     Consumers are increasingly willing to pay a premium to purchase foods that contain real fruits and vegetables. Such ingredients are perceived as healthful, in stark contrast to products that merely attempt to simulate their presence using "natural flavor", a term defined by the Food and Drug Administration ("FDA") as:

COMPLAINT (CLASS ACTION)

> [E]ssential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products thereof, whose significant function in food is flavoring rather than nutritional.[1]

For nonorganic foods, "dozens of other ingredients like preservatives and solvents … can go into a so-called natural flavor. … While food processors must list all of the ingredients on a food label, flavor manufacturers do not have to disclose their ingredients. They can add synthetic solvents, preservatives, emulsifiers, carriers and other additives to a flavor that qualifies as natural under current regulations."[2]

14.    Natural flavor is used to flavor food to create enhanced flavor and addictive foods.[3] Natural flavors are made by scientists, who extract chemicals responsible for a flavor from a natural source.[4] Natural flavors can be highly processed and be comprised of chemical additives.[5]

15.    Indeed:

> "[o]n an ingredient label, 'natural flavor' can be a sort of black box, enclosing dozens of components, including flavor chemicals, flavor modifiers, and solvents, none of which have to be individually disclosed. Many companies will use additives like propylene glycol when they can disguise them under the benign sounding catchall 'natural flavors'—even if they would reject them as individually listed ingredients."[6]

---

[1] 21 C.F.R. § 101.22(a)(3).

[2] *Are 'Natural Flavors' Really Natural?*, The New York Times, Feb. 1, 2019, available at https://www.nytimes.com/2019/02/01/well/eat/are-natural-flavors-really-natural.html.

[3] *Is There Really Anything Natural About Natural Flavors?*, Journal of Health & Biomedical Law, April 4, 2019, available at https://sites.suffolk.edu/jhbl/2019/04/04/is-there-really-anything-natural-about-natural-flavors/.

[4] *Is 'Natural Flavor' Healthier Than 'Artificial Flavor'?* NPR, November 3, 2017, available at https://www.npr.org/sections/thesalt/2017/11/03/560048780/is-natural-flavor-healthier-than-artificial-flavor.

[5] Food Revolution Network, October 25, 2019, available at https://foodrevolution.org/blog/natural-flavors/.

[6] *Clean label's dirty little secret*, The Counter, February 1, 2018, available at https://thecounter.org/clean-label-dirty-little-secret/.

COMPLAINT (CLASS ACTION)

16.    Unsurprisingly then, "lab-created artificial and natural flavors are not in demand; consumers want real ingredients from nature."[7]

**The statutory scheme governing beverage labeling.**

17.    The federal government and California legislature recognize that consumers rely on the front label of food packaging to understand the nutritional value of a product and to make educated purchasing decisions. Regulatory schemes have been enacted to prevent unscrupulous market participants from passing off their products as things they are not. A manufacturer's compliance with food labeling laws is imperative to prevent consumers from being deceived or misled.

18.    The Federal Food, Drug, and Cosmetic Act ("FDCA") "promote[s] honesty and fair dealing in the interest of consumers[.]"[8]

19.    California has adopted the FDCA in the Sherman Food, Drug, and Cosmetic Law ("Sherman Law").[9]

20.    The term "food" includes beverages, such as Defendant's beverages, that are sold for human consumption.[10]

21.    Misbranded foods are prohibited to enter interstate commerce under the FDCA.[11]

22.    A food is misbranded if its label is "false or misleading".[12]

23.    Pursuant to the authority granted by the FDCA, the FDA promulgated regulations that apply to the labeling of food.

---

[7] *Top Trends Driving Change In The Food Industry*, Forbes, February 16, 2019, available at https://www.forbes.com/sites/juliabolayanju/2019/02/16/top-trendsdriving-change-in-the-food-industry/?sh=302c9e636063.

[8] 21 U.S.C. § 341.

[9] Cal. Health & Safety Code § 110100 (a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state.").

[10] 21 U.S.C. § 321(f).

[11] 21 U.S.C. § 331.

[12] 21 U.S.C. § 343(a).

24.    The front label of a food product (the "principal display panel") must comply with federal and California food labeling laws when natural flavor is used as the primary flavoring agent to give a food its characterizing flavor as depicted by words or vignette on the principal display panel.

25.    As required by the FDA:

(i) If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor and shall be declared in the following way:

(1) If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., "vanilla", in letters not less than one-half the height of the letters used in the name of the food, except that:

(i) If the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in "strawberry shortcake", and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "natural strawberry flavored shortcake," or "strawberry flavored shortcake".

(ii) If none of the natural flavor used in the food is derived from the product whose flavor is simulated, the food in which the flavor is used shall be labeled either with the flavor of the product from which the flavor is derived or as "artificially flavored."

(iii) If the food contains both a characterizing flavor from the product whose flavor is simulated and other natural flavor which simulates, resembles or reinforces the characterizing flavor, the food shall be labeled in accordance with the introductory text and paragraph (i)(1)(i) of this section and the name of the food shall be immediately followed by the words "with other natural flavor" in letters not less than one-half the height of the letters used in the name of the characterizing flavor.[13]

26.    The FDA has stated that compliance with labeling regulations is necessary to prevent consumer deception. Thus:

---

[13] 21 C.F.R. § 101.22(i)(1)(i)-(iii).

[Although] it is not possible to set out all the circumstances under which a flavor representation is or is not implied[,] [a]ny use of a vignette showing a fruit or vegetable clearly constitutes such a representation…. [and] use of a specific fruit flavor in the food name, such as 'orange soda,' does constitute such a representation and requires compliance with §1.12(i).[14]

27.    The FDA has also stated that where flavor representations are made on the principal display panel "it is necessary to establish a uniform system of flavor designation to dispel any confusion or misrepresentation."[15] That is because "*[t]he difference between a product that contains a characterizing food ingredient and a product that contains no such ingredient … is not at all subtle, and is very important to the value of the product and thus to the consuming public*."[16]

**Defendant Humm.**

28.    Humm develops, markets, sells and distributes various canned and bottled beverages, including probiotic kombucha beverages in its Zero Sugar and Original product lines.

29.    According to Humm's website describes kombucha as "a health elixir," a "tea of immortality," and "a nectar of the gods." [17]

30.    The purported benefits of Defendant's products do not come cheap. Consumers can expect to pay around $3 for a can of Defendant's beverages.

31.    Defendant operates in a crowded space. Defendant competes directly with many other wellness beverage brands. However, as explained below, Defendant flouts the laws that its competitors abide by.

**Defendant's Misleading Packaging.**

32.    The Zero Sugar beverages are sold in varieties of: "Blueberry Mint," "Pineapple Jalapeno," "Raspberry Lemonade," "Blood Orange," "Peach Tea," and "Ginger Lemonade."

---

[14] 38 Fed. Reg. 33285 (December 3, 1973).

[15] *Id*. at 33286.

[16] *Id*. at 33285 (emphasis added).

[17] Humm Kombucha, *What is Kombucha?*, available at https://hummkombucha.com/what-is-kombucha/ (last accessed Jan. 30, 2023).

33.    Each of the Zero Sugar beverages come in similar packaging and utilize substantially similar misrepresentations to induce consumer overpayment.

34.    For example, the Zero Sugar "Blueberry Mint" beverage states "Blueberry Mint" in capital letters on the principal display panel. A vignette of fresh blueberries and a mint leaf is prominently displayed on the top of the principal display panel. The color scheme of the can is also color coordinated with its purported fruit and plant ingredients:



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice*, organic cane sugar*, live kombucha cultures), Organic Erythritol, Monk Fruit**, Natural Flavors**, Probiotic: Bacillus subtilis, Vitamin B12 (mecobalamin). *SUGAR IS ELIMINATED DURING FERMENTATION. **FROM PLANT-BASED INGREDIENTS

35.    The "Blueberry Mint" beverage indicates its characterizing flavor as blueberry and mint by its name, vignette, and can color scheme.

36.    Contrary to Humm's representations on the front label, the "Blueberry Mint" beverage contains no blueberry or mint. The back of the can lists its ingredients, none of which include blueberry or mint. Instead, the beverage's taste appears to come from "Natural Flavors[.]"

37.    Similarly, other Zero Sugar beverages represent by words, vignette, and color scheme, their respective characterizing flavors. However, none of the beverages contain all the promised characterizing ingredients.

38.    "Blood Orange" contains no orange of any kind; "Peach Tea" contains no peach; "Ginger Lemonade" contains no lemon; "Pineapple Jalapeno" contains no pineapple; "Raspberry Lemonade" contains no raspberry or lemon; and "Cucumber Mint" contains no cucumber or mint. Instead, these beverages contain "Natural Flavors":










39.     Three beverages in the Original variety share similar deficiencies as the Zero Sugar beverages. The "Coconut Lime" contains no coconut; "Blueberry Mint" contains no mint, and "Magical Lemon Cupcake" contains no lemon. Rather, these beverages contain "Natural Flavors":






40.     The absent characterizing ingredients listed above—blueberry, pineapple, raspberry, lemon, blood orange, peach, cucumber and mint—are premium ingredients and are substantially more expensive than the laboratory-created "natural flavors" included in the Products.

41.     The absent characterizing ingredients are also commonly perceived by consumers as healthful. A reasonable consumer looking at the Products' principal display panel would believe that the Products contain these premium, healthful ingredients.

42.     The uniform labeling system imposed by the FDA has been in place for decades, and almost all products on grocery store shelves comply with it. The consuming public is familiar with viewing, and differentiating, food products based on the product's principal display panel. The reasonable consumer understands that a food product marked "flavored" refers to the flavor of the food. Likewise, when the word "flavored" is not present, reasonable consumers believe that the ingredients referred to on the principal display panel are contained in the product.

43.     Defendant's misbranded beverages deceive and mislead reasonable consumers, who pay a price premium for the Products, under the belief that the characterizing ingredients depicted on the principal display panel are contained in the can.

44.     Indeed, Defendant actively encourages the consuming public to believe that the Products contain the characterizing ingredients through its marketing tactics. For example, the Amazon.com store page for Humm Zero Sugar includes the following advertisement, emphasizing that "good stuff" including "plant-based sweeteners & flavors" are used in the formulation of the beverage, complete with a vignette of a fruit slice and droplet[18]:

---

[18] Amazon.com Store Page, Humm Kombucha, Humm Zero Sugar available at https://www.amazon.com/stores/page/44175DAA-8D9C-4BC6-8351-19A430020ACA?ingress=0&visitId=f012a50e-3923-464b-84f5-6cc7217e39b2 (last accessed December 16, 2022).

COMPLAINT (CLASS ACTION)



45.    Humm's advertising of its Zero Sugar beverages on Amazon.com also showcases the beverages alongside real fruits and vegetables, further perpetuating the false notion that its beverages contain the characterizing ingredients listed on the principal display panels[19]:



---

[19] Humm Probiotic Kombucha Zero Sugar Variety Pack available at https://www.amazon.com/Humm-Kombucha-Zero-Sugar-Variety/dp/B086SDS3HJ/ref=pd_lpo_1?pd_rd_w=NCZjv&content-id=amzn1.sym.116f529c-aa4d-4763-b2b6-4d614ec7dc00&pf_rd_p=116f529c-aa4d-4763-b2b6-4d614ec7dc00&pf_rd_r=V256NCXBD6H5Q0ZS4924&pd_rd_wg=ZSq27&pd_rd_r=ceac1e12-364f-45da-8de7-8af7ae43d717&pd_rd_i=B086SDS3HJ&psc=1 (roll over images to enlarge) (last accessed Jan. 31, 2022); Amazon.com Store Page, Humm Kombucha, Humm Zero Sugar available at https://www.amazon.com/stores/page/44175DAA-8D9C-4BC6-8351-19A430020ACA?ingress=0&visitId=f012a50e-3923-464b-84f5-6cc7217e39b2 (last accessed Jan. 31, 2023).

COMPLAINT (CLASS ACTION)




46.     Other advertisements commissioned by Defendant for the Zero Sugar product line intermix the beverages with photographs of actual fruits:[20]




---

[20] Melissa Robinson available at http://www.melissakrobinson.com/humm-kombucha (last accessed Jan. 31, 2023).

COMPLAINT (CLASS ACTION)



47.     Likewise, numerous images on Defendant's Instagram account reinforce the belief that the Products contain their promised characterizing ingredients:[21]

 

---

[21] @hummkombucha, Instagram, available at
https://www.instagram.com/stories/highlights/17867714866722736/ (last accessed Jan. 31, 2023).

COMPLAINT (CLASS ACTION)




48.     Defendant's failure to state on the principal display panel that the Products are flavored, naturally flavored, flavored with other natural flavor, or artificially flavored runs contrary to California state and common law.

//

//

//

//

//

//

//

15

COMPLAINT (CLASS ACTION)

49.    Notably, after Plaintiff sent the CLRA letter to Defendant in November of 2022, Defendant apparently began rebranding the Products as "flavored"[22]:



**Other beverages available to consumers.**

50.    Adding to the likelihood of consumer confusion is the fact that Defendant itself sells beverages that comply with labeling regulations. These beverages appear to share shelf space with the Products.

51.    Defendant's "Whole30 Approved" beverages, and many of the Original beverages, have labels similar to the Products in style and content. Unlike the Products, however, Defendant's Whole30 Approved beverages, and many of its Original beverages, contain the promised characterizing ingredients:

---

[22] Humm Probiotic Kombucha Zero Sugar Variety Pack available at https://www.amazon.com/Humm-Kombucha-Zero-Sugar-Variety/dp/B086SDS3HJ?ref_=ast_sto_dp (last accessed Jan. 31, 2023).

COMPLAINT (CLASS ACTION)



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, kombucha cultures), Organic Apple Juice, Organic Elderberry Juice, Natural Flavors*, Probiotic: Bacillus subtilis, Vitamin B12 *From plant-based ingredients



Ingredients: Organic Raw Carbonated Kombucha (Filtered water, green tea*, black tea*, white grape juice*, kombucha cultures), Apple Juice*, Organic Strawberry Juice (Apple*, Pear Juice*, Strawberry*, and Elderberry Juice*, Citric acid, and Organic Flavors), Natural Flavors**, Organic Lavender Extract, Probiotic: Bacillus subtilis, Vitamin B12 *ORGANIC **FROM PLANT-BASED INGREDIENTS



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, kombucha cultures), Organic Apple Juice, Organic Mango Puree, Organic Mango Puree, Lemon Extract, Probiotic: Bacillus subtilis, Vitamin B12 *FROM PLANT-BASED INGREDIENTS



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, kombucha cultures), Organic Apple Juice, Organic Mixed Berry Flavor* Organic Raspberry Juice, Organic Blackberry Juice, Natural Flavors*, Probiotic: Bacillus subtilis, Vitamin B12 *FROM PLANT-BASED INGREDIENTS



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, kombucha cultures), Organic Apple Juice, Organic Elderberry Juice, Natural and Organic Flavors*, Probiotic: Bacillus subtilis, Vitamin B12 *From plant-based ingredients



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic cane sugar, kombucha cultures), Organic Strawberry Juice (Organic Apple, Organic Pear Juice, Organic Strawberry, and Organic Elderberry Juice, Citric acid and Organic Flavors), Organic Lemon Juice, Natural Flavors**, Organic Elderberry Juice, Live Active Cultures: Bacillus subtilis, Vitamin B12 **From Plant Based Ingredients



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic cane sugar, kombucha cultures), Organic Cane Sugar, Organic Pomegranate Juice, Organic Lemon Juice, Organic Elderberry Juice, Natural Flavors**, Live active cultures: Bacillus subtilis,, Vitamin B12 **From Plant Based Ingredients



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic cane sugar, kombucha cultures, natural hops flavor), Organic Juice blend (apple juice**, pear juice**, clarified pineapple juice**), Grapefruit Juice**, L-malic acid, citric acids, organic flavors), Natural Flavors***, Live Active Cultures: Bacillus subtilis, Vitamin B12 **Organic ***From Plant Based Ingredients



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, organic cane sugar, kombucha cultures), Organic Apple Juice, Organic Ginger Juice, Natural Flavors®, PROBIOTIC: Bacillus subtilis, Vitamin B12 °FROM PLANT-BASED INGREDIENTS



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, organic cane sugar, live kombucha cultures), Organic Apple Juice, Organic Blackberry Juice, Natural Flavors®, Organic Elderberry Juice, probiotic: Bacillus subtilis, Vitamin B12 °FROM PLANT-BASED INGREDIENTS



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, organic cane sugar, kombucha cultures), Organic Apple Juice, Organic and Natural Flavors®, Organic Cherry Juice, Organic Caffeine, Sea Salt, Probiotic: Bacillus subtilis, Vitamin B12 °From Plant Based Ingredients



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic cane sugar, kombucha cultures), Organic Cane Sugar, Organic Mango Puree, Organic Passion Fruit Juice, Natural Flavors°°, Live Active Cultures: Bacillus subtilis, Vitamin B12 °°From Plant Based Ingredients



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, organic cane sugar, kombucha cultures), Organic Apple Juice, Organic Ginger Juice, Organic Lemon Juice, Natural Flavors®, PROBIOTIC: Bacillus subtilis, Vitamin B12 °FROM PLANT-BASED INGREDIENTS



Ingredients: Organic Raw Carbonated Kombucha (Filtered water, organic green tea, organic black tea, organic white grape juice, organic cane sugar, kombucha cultures), Organic Apple Juice, Organic Raspberry Juice, Natural Flavors®, probiotic: Bacillus subtilis, Vitamin B12 °FROM PLANT-BASED INGREDIENTS



Ingredients: Organic Raw Carbonated Kombucha (filtered water, organic green tea, organic black tea, organic white grape juice, organic cane sugar, kombucha cultures), Organic Apple Juice, Organic Pineapple Juice, Natural Flavors®, Turmeric Extract, probiotic: Bacillus subtilis, Vitamin B12 °FROM PLANT-BASED INGREDIENTS

COMPLAINT (CLASS ACTION)

52.     Defendant also competes with beverages such as Health Ade Kombucha. As depicted on its website, Health Ade Kombucha sells kombucha in varieties such as "Ginger Lemon" and "Blood Orange Carrot Ginger."

 

53.     Unlike the Products, however, Health Ade's beverages do not contain any natural flavors and the front labels accurately inform the consumer the that the beverages contain their characterizing ingredients.

54.     Defendant also competes with Remedy brand kombucha. Remedy sells kombucha in various flavors, including "Raspberry Lemonade" and "Peach" in a "No Sugar" variety.

55.     Unlike the Products, Remedy properly labels its beverages as "naturally flavored" as the beverages do not contain the ingredients represented on the can:

 

56.     Similarly, Forage Kombucha, another of Defendant's competitors, sells beverages

COMPLAINT (CLASS ACTION)

that are strikingly similar to the Products in appearance:[23]

  

57.    Forage Kombucha, however, actually includes the characterizing ingredients in its beverages.[24]

**Plaintiff Tabatha Lawley.**

58.    During 2022, Plaintiff purchased several of Defendant's Zero Sugar beverages, including the Blueberry Mint, Peach Tea, Ginger Lemonade, and Raspberry Lemonade varieties. Plaintiff made the purchases at grocery stores in Orange County.

59.    At the time of the purchases, Plaintiff believed that Defendant's representations on the front label were true. She believed that she was purchasing beverages that contained the premium ingredients represented on the cans by name, vignette, and color scheme.

60.    Plaintiff was misled and deceived by Defendant's labeling of its beverages.

---

[23] Forage Flavors available at https://drinkforage.com/collections/forage-flavors (last accessed Jan. 31, 2023).

[24] *See* Drink Forage, Peach Kombucha, available at https://drinkforage.com/collections/forage-flavors/products/peach-kombucha?selling_plan=3132031201 (listing organic peach is an ingredient in the Organic Peach Kombucha variety) (last accessed Jan. 31, 2023); Drink Forage, Lemon Ginger Kombucha, available at https://drinkforage.com/collections/forage-flavors/products/lemon-ginger-kombucha?selling_plan=3132195041 (listing organic lemon peel, organic lemon oil, and organic ginger root as ingredients in the Organic Lemon Ginger Kombucha variety) (last accessed Jan. 31, 2023); Drink Forage, Raspberry Kombucha, available at https://drinkforage.com/collections/forage-flavors/products/raspberry-kombucha?selling_plan=3132096737 (listing organic raspberry as an ingredient in the Organic Raspberry Kombucha variety) (last accessed Jan. 31, 2023).

COMPLAINT (CLASS ACTION)

61.    Plaintiff would not have purchased Defendant's beverages, or only been willing to pay less, had Defendant properly labeled its beverages.

62.    Plaintiff, like all consumers who were misled by the Products' labeling and overpaid for the Products, was injured in fact and lost money.

<b><u>CLASS ALLEGATIONS</u></b>

63.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following class of persons:

**The Class**: All persons in California who purchased the Products during the Class Period. The Class Period starts at the earliest date allowed under the applicable statute of limitations and continues to the date of judgment.

64.    Specifically excluded from the Class are: (a) any officers, directors or employees of Defendant; (b) any judge assigned to hear this case (or spouse or immediate family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case; and (e) any attorneys of record and their employees.

65.    Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses, or by limitation to particular issues.

66.    **Numerosity**. Class members are so numerous that joinder of each individual class member would be impracticable and unfeasible, and the disposition of their claims as a class will benefit the parties, the Court, and the interests of justice.

67.    **Ascertainability**. The proposed Class is ascertainable from objective criteria.

68.    **Commonality and Predominance**. There is a well-defined community of interest among the Class's members and common questions of *both* law and fact predominate over questions affecting individual members. These common legal and factual questions include, but are not limited to, whether: (1) the Product's labeling violated California's Sherman Act; (2) whether the Product's labeling would mislead a reasonable person; and (3) whether the Products conform to the promises or affirmations of fact made on the label.

69.     **Typicality**. Plaintiff's claims are typical of those of all Class members in that they arise out of the same course of conduct by Defendant and enable her to seek the same relief under the same theories of recovery. The effort Plaintiff undertakes to pursue her claims will significantly benefit Class members because of the identical nature of the issues across the Class.

70.     **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff shares a common interest with Class members. Plaintiff has suffered an injury-in-fact because of Defendant's conduct. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex class action litigation. Plaintiff and her counsel will prosecute this action vigorously and faithfully for the benefit of the Class. Plaintiff has no interests contrary to the Class and will fairly and adequately protect the interests of the Class.

71.     **Community of Interest.** The proposed Class has a well-defined community of interest in the questions of fact and law to be litigated. These common questions of law and fact predominate. The named Plaintiff's claims are typical of those of Class members.

72.     **Superiority**. The certification of the Class is superior to the litigation of a multitude of cases by individual Class members. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Moreover, there are members of the Class who are unlikely to join or bring an action due to, among other reasons, their reluctance to spend large sums of time and money in pursuit of a relatively modest individual recovery. Equity dictates that all persons who stand to benefit from the relief sought here should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among Class members in relation to the benefits received.  Even if the members of the Class could afford individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system. By contrast, a class action presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

73.     In the alternative, the Class may be certified because:

(a) The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members' claims which would establish incompatible standards of conduct for Defendant;

(b) The prosecution of separate actions by individual members of the Class would create a risk of adjudications, which would as a practical matter be dispositive of the interests of other members of the Class who are not parties to the adjudications, or which would substantially impair or impede the ability of other members to protect their interests; and,

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class.

<u>**FIRST CAUSE OF ACTION**</u>
**Violation of the Unfair Competition Law ("UCL")**
**(Cal. Bus. & Prof Code §§ 17200, et seq.)**
**(Class Claim)**

74.     Plaintiff incorporates all preceding and succeeding allegations as if fully set forth in this paragraph.

75.     Defendant has violated California's UCL (Cal. Bus. & Prof. Code § 17200, *et seq*.), which prohibits unlawful, unfair, and fraudulent business acts or practices.

76.     Defendant's business acts and practices are unlawful in that they violate: (1) the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq.* for the reasons set forth below; (2) the False Advertising Law, Cal. Bus. Prof.  Code § 1750, *et seq*. for the reasons set forth below; (3) the advertising provisions of the Sherman Law (Article 3), including California Health & Safety Code §§ 110390, 110395 and 110400; (4) the misbranded food provisions of the Sherman Law (Article 6), including California Health & Safety Code §§ 110660, 110665, 110705, 110740, 1100760 110765, and 110770; and (5) FDA regulations incorporated into the Sherman Law, including 21 C.F.R. 101.3, 101.4, 101.13, 101.14, and 101.22.

77.     Defendant's acts also constitute fraudulent practices in that they are likely to

deceive a reasonable consumer. In particular, Defendant misrepresents that the Products are made from or contain premium ingredients that they do not have.

78.    Defendant's conduct also constitutes unfair business practices in that, by mislabeling the Products, Defendant gains an unearned competitive advantage over products that do not misrepresent the ingredients they contain.

79.    As a direct and proximate result of Defendant's conduct, Plaintiff and members of the Class suffered a foreseeable injury-in-fact, in that they either would not have purchased the Products or would have only been willing to pay significantly less.

80.    Plaintiff and Class members are entitled to equitable relief, including an order requiring Defendant to pay restitution to Plaintiff and the Class of amounts obtained because of its unfair, deceptive, and fraudulent practice.

**SECOND CAUSE OF ACTION**
**Violation of the Consumers Legal Remedies Act ("CLRA")**
**(Cal. Civ. Code § 1750, *et seq*.)**
**(Class Claim)**

81.    Plaintiff incorporates all preceding and succeeding allegations as if fully set forth in this paragraph.

82.    Defendant is a "person" within the meaning of Cal. Civ. Code §§ 1761(c) and 1770 and has provided "goods" within the meaning of Cal. Civ. Code §§ 1761 (b) and 1770.

83.    Plaintiff and members of the Class are "consumers" within the meaning of Cal. Civ. Code §§ 1761(d) and 1770 and have engaged in a "transaction" within the meaning of Cal. Civ. Code §§ 1761 and 1770.

84.    Through its false representations about the ingredients contained in the Products, Defendant has violated at least the following CLRA provisions:

a.    Defendant has made improper representations related to the source, sponsorship, approval, or certification of the Products, in violation of Cal. Civil Code § 1770(a)(2);

b.    Defendant has made improper representations related to the sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have, in violation

of Cal. Civil Code § 1770(a)(5);

c.    Defendant has improperly represented that its goods are of a particular standard, quality, or grade, when they are not, in violation of Cal. Civil Code § 1770(a)(7);

d.    Defendant has advertised the Products with intent to not sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9).

85.    On November 16, 2022, Defendant received a letter that complied with Section 1782(d) of the CLRA, which was prepared by Plaintiff's counsel on behalf of Plaintiff and the Class. The letter gave Defendant notice of the allegations in this Complaint. Defendant failed to remedy the issues that gave rise to this Complaint, or even respond to the letter. As a result, Plaintiff requests monetary damages, restitution, and all other applicable relief available under the CLRA.

86.    Plaintiff also requests that the Court award her costs and reasonable attorneys' fees.

87.    A CLRA affidavit signed by Tabatha Lawley is attached as Exhibit A.

### THIRD CAUSE OF ACTION
**Violation of the False Advertising Law ("FAL")**
**(Cal. Bus. & Prof. Code §§ 17500, *et seq*.)**
**(Class Claim)**

88.    Plaintiff incorporates all preceding and succeeding allegations as if fully set forth in this paragraph.

89.    The FAL, codified at Cal. Bus. & Prof. Code section 17500, *et seq*., prohibits "unfair, deceptive, untrue or misleading advertising[.]"

90.    Defendant violated the FAL by making representations and statements (by commission and omission) that led reasonable consumers to believe that the Products contained ingredients they did not have.

91.    In making and disseminating the representations alleged in this Complaint, Defendant knew or should have known that the representations were untrue or misleading.

92.    Defendant's misrepresentations were specifically designed to induce reasonable consumers, like Plaintiff and Class members, to purchase the Products.

93.    As a foreseeable and proximate result of Defendant's deceptive advertising, Plaintiff and Class members were duped into purchasing or overpaying for the Products.

94.    Plaintiff and Class members are entitled to all damages available under the FAL, including punitive damages, as well as reasonable attorney's fees and costs of suit.

**FOURTH CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**
**(Class Claim)**

95.    Plaintiff incorporates all preceding and succeeding allegations as if fully set forth in this paragraph.

96.    By advertising and selling the Products at issue, Defendant, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' packaging and labeling.

97.    As alleged in this Complaint, the Products do not conform to the promises or affirmation of fact made on the label. Accordingly, Defendant has breached the implied warranty of merchantability. *See* Cal. Com. Code § 2314(2)(f).

98.    As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and the Class have been denied the benefit of the bargain and have suffered damages in the form of overpayment. Accordingly, Plaintiff seeks damages, restitution, or disgorgement of ill-gotten gains to compensate Plaintiff and the Class.

99.    On November 16, 2022, Defendant received a letter prepared by Plaintiff's counsel notifying Defendant of its breach of implied warranty. Defendant has not addressed the issues which gave rise to this Complaint, or even responded to the letter.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly aggrieved persons, pray for judgment against Defendant as follows:

1.    For an order certifying this matter as a class action and appointing Plaintiff and her undersigned counsel to represent the Class in this litigation;

2.    A judgment requiring Defendant to pay damages as required by law, as well as

26

reasonable attorneys' fees and costs of suit;

3.      Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: February 3, 2023

/S/ James Mills
JAMES MILLS, OSB 181445
Attorney for Plaintiff
LAW OFFICE OF JAMES MILLS
707 SW Washington Street, Suite 1100
Portland, OR  97205
Tel: 503-455-7234
Fax: 503-961-7214
james@jamesmillslaw.com

Benjamin Gubernick**,** Cal. Bar No. 321883
GUBERNICK LAW P.L.L.C.
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
623-252-6961
ben@gubernicklaw.com

*Motion for admission*
pro hac vice *forthcoming*

COMPLAINT (CLASS ACTION)